**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2559
_____

LIDIA GOMEZ-GABRIEL; A. G.-G.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
Agency Nos. A208-681-927; A208-681-928
Immigration Judge: Mary C. Lee
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 28, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES,
*Circuit Judges*

(Opinion Filed: July 24, 2025)

Abdoul A. Konare
5235 Westview Drive, Suite 101
Frederick, MD 21703

    *Counsel for Petitioners*

Spencer Shucard
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

    *Counsel for Respondent*

—————————

OPINION OF THE COURT

—————————

PER CURIAM

    Guatemalan native and citizen Lidia Gomez-Gabriel and her son A.G.-G. (collectively, Petitioners) petition for review of a final order of removal issued by the Board of Immigration Appeals (BIA) denying their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Our law was not clear as to whether a BIA summary affirmance, as the agency employed here, resuscitates unexhausted claims, so we confirm, today, that it does not. Because the BIA did not err in denying Petitioners' withholding of removal application and Petitioners failed to exhaust their administrative remedies with

respect to their asylum and CAT claims, we will deny the petition.

## I.     BACKGROUND

Gomez-Gabriel, who is indigenous Mayam Mam, testified that Guatemalan gang members harassed her for money on her way to work on about ten occasions, and on at least one occasion threatened her with a weapon. After that incident, however, she avoided the road on which she was targeted and had no further interactions with the criminals.

Fearing for her safety, she and her son fled Guatemala and entered the United States without inspection in November 2015. The Department of Homeland Security promptly initiated removal proceedings and detained Petitioners for twelve days, after which, it informed Petitioners about the one-year deadline to file an asylum application and released them. Petitioners conceded removability but filed an application for asylum, withholding of removal, and CAT protection on August 21, 2017. The Immigration Judge (IJ) denied the petition determining (1) that the asylum application was time barred and (2) that the asylum, withholding of removal, and CAT applications were without merit. Petitioners timely appealed to the BIA, which affirmed without opinion under 8 C.F.R. § 1003.1(e)(4).

3

## II.    DISCUSSION[1]

The government contends that we cannot review Petitioners' claims because they failed to exhaust their administrative remedies before the BIA.  We agree in part.  Petitioners did fail to exhaust their asylum and CAT claims, but they adequately challenged their withholding of removal claim.  Nevertheless, that claim fails on the merits.

### A.    Exhaustion Before the BIA

Under 8 U.S.C. § 1252(d)(1), a petitioner must "exhaust all remedies available to her in order to preserve her right to appellate review of a final order of removal." *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005).  This requirement applies to "each particular issue raised by the petitioner." *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012).  Although we no longer treat § 1252(d) as a jurisdictional bar, once the government raises the issue, we must enforce it. *Aguilar v. Att'y Gen.*, 107 F.4th 164, 168–69 (3d Cir. 2024).  Still, the standard is not high; we require only that the "petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal." *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir. 2006) (quoting *Yan Lan Wu*, 393 F.3d at 422).  But when petitioners make "no such effort," we will not disturb the agency's conclusions. *Lin v. Att'y Gen.*, 543 F.3d 114, 122 (3d

---

[1] The BIA had appellate jurisdiction under 8 C.F.R. § 1003.1(b)(3) and § 1240.15.  We have jurisdiction under 8 U.S.C. § 1252(a)(1).

4

Cir. 2008), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023).

Petitioners here did nothing to put the agency on notice that they took issue with the IJ's conclusions regarding the asylum time-bar or CAT. When Petitioners appealed to the BIA, they challenged only the IJ's substantive asylum and withholding of removal analysis. Neither the notice of appeal nor the brief before the BIA mentioned CAT or challenged the IJ's determination that the asylum claim was untimely. Because Petitioners failed to raise these dispositive issues before the BIA, they failed to exhaust their administrative remedies, as necessary "to preserve [their] right to appellate review" of their removal order. *Yan Lan Wu*, 393 F.3d at 422. In short, Petitioners' arguments on appeal come too little before the BIA and too late before the IJ, so given their failure to challenge the time-bar or CAT determinations, we cannot consider either. *See Lin*, 543 F.3d at 122 (observing petitioner failed to raise an issue before the BIA because he failed to mention it in his notice of appeal or brief); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 595 (3d Cir. 2003) (same).

The fact that the BIA summarily affirmed the IJ's opinion does not rescue Petitioners' arguments. The BIA, in exercising its congressionally delegated authority, is free to enforce or waive compliance with its rules, including its requirement that a petitioner "must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged" on appeal. *Lin*, 543 F.3d at 124–25 (quoting 8 C.F.R. § 1003.3(b)). As we observed in *Lin*, when the BIA sua sponte considers an issue and issues a reasoned opinion, "the

5

record is adequate for our review," *id.* at 125, so we may "look past a petitioner's failure to make an argument to the BIA," *Aguilar*, 107 F.4th at 169.  But where the BIA merely affirms without an opinion, as it did here, its decision does not displace the mandatory exhaustion requirement, *see Lin*, 543 F.3d at 125–26; *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007), *abrogated on other grounds by Santos-Zacaria*, 598 U.S. 411; *Karaj v. Gonzales*, 462 F.3d 113, 120 (2d Cir. 2006); *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004), *abrogated on other grounds by Santos-Zacaria*, 598 U.S. 411; *see also Al-Fara v. Gonzales*, 404 F.3d 733, 737, 743 (3d Cir. 2005) (declining to review unexhausted claims after BIA summary affirmance).

This distinction respects the exhaustion requirement's purpose because reviewing arguments that the BIA has not expressly considered encourages "premature interference with agency processes" and robs the agency of the "opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).  When the BIA summarily affirms, the reviewing board member must consider the complexity and clarity of the issues raised on appeal but cannot provide an explanation for her decision, leaving a reviewing court without any indication that the agency considered something other than the issues a petitioner presented.  8 C.F.R. § 1003.1(4); *Zara*, 383 F.3d at 931.  Reviving issues that the BIA presumably did not consider would put us in the position of leapfrogging over

6

the agency's first-line review and interfering with the authority Congress delegated to the agency.

## B.     Withholding of Removal

Without their asylum and CAT claims Petitioners are left to appeal only the denial of their withholding of removal application, which they raised, albeit opaquely, before the BIA. To qualify for withholding, petitioners must establish that their membership in a cognizable social group "is 'one central reason' why [they were] or will be targeted for persecution." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684–85 (3d Cir. 2015). We review the IJ's determination on this front for substantial evidence, deferring "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Gonzalez-Posadas*, 781 F.3d at 686. Here, substantial evidence supports the IJ's determination that Gabriel-Gomez's membership in a protected group, including her tribal membership, was a not a central reason for her alleged persecution; rather, she was a victim of generalized gang violence.

Gomez-Gabriel asserts that the gangs targeted her because she is Mayam Mam and because she is a woman, but when the criminals threatened her with a weapon, they did not mention anything about those characteristics. As the IJ acknowledged, Gomez-Gabriel testified that the thieves at some point "mocked" her for being a Mayam woman when shaking her down, A.R. 131, but she could only provide a vague recollection without context or detail. Her other testimony indicates that her harassers did not target her

specifically but, rather, were "constantly harming and beating up people" for money. A.R. 150. She initially stated that she feared becoming a target if returned to Guatemala because gangs believe people returning from the United States are "full of money," A.R. 147, although when the IJ asked whether she had any other reason to fear returning to Guatemala, she added that the gang members would "see" that she is "indigenous," *id.*

In sum, substantial evidence supports the IJ's conclusion that, despite the attackers' alleged use of ethnic slurs on some occasions, they were motivated, not by animus towards Gabriel-Gomez's group membership, but by financial gain. *See Lopez v. Att'y Gen.*, No. 24-1444, 2025 WL 1790265, at *7 (3d Cir. June 30, 2025); *Lie v. Ashcroft*, 396 F.3d 530, 535 (3d Cir. 2005). And a petitioner "targeted out of a simple desire for money has not experienced persecution on account of a ground protected by the INA." *Thayalan v. Att'y Gen.*, 997 F.3d 132, 144 (3d Cir. 2021). Thus, although the Court sympathizes with Gabriel-Gomez's fear of gang violence, Petitioners are ineligible for withholding of removal.

## III. CONCLUSION

For the foregoing reasons, we will deny the petition for review.